***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL G. McGOWAN, | : |
| Plaintiff, | : Civil Action No. 08-5841(FLW) |
| v. | : |
|  | : **OPINION** |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

**WOLFSON, United States District Judge:**

Before the Court are Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by defendants, State of New Jersey, Office of the Attorney General, New Jersey Department of Community Affairs ("DCA"), and Jon Corzine, (collectively "State Defendants")[1] and Defendant New Jersey Housing and Mortgage Finance Agency ("HMFA"), to dismiss the claims of pro se Plaintiff Michael G. McGowan ("McGowan"). In his ten-count Complaint[2], McGowan alleges: (1) violations of the Civil Rights Act of 1991; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) violations of the New Jersey Law Against Discrimination ("NJLAD"); (5) intentional infliction of emotional distress; (6) tortious interference with economic advantage; (7) violations of the First Amendment; (8) violations of the Fifth Amendment; (9) violations of the Age Discrimination Employment Act ("ADEA"); and (10) and violations of the Workforce

---

[1] The claims, as they relate to State Defendants, allege discriminatory conduct almost exclusively by DCA. As such, the DCA and State Defendants will be discussed interchangeably.

[2] The Complaint includes Counts numbered One through Eleven, but lacks a "Count Four."

Investment Act ("WIA") and Age Discrimination Act of 1975 ("Age Act") arising from alleged discriminatory conduct in Defendants' hiring practices. The Court has reviewed Defendants' Motions, which McGowan has not opposed, and for the reasons set forth below, HMFA's Motion is granted while State Defendants' Motion is granted in part and denied in part. In particular, State Defendants' Motion is denied with respect to McGowan's NJLAD claims of discrimination with regard to the DCA hirings of September 18, 2006 and February 2007. The Motion is granted with respect to all other claims.

## I. FACTUAL BACKGROUND

Since Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), the following version of events assumes Plaintiff's allegations to be true ; moreover, since Plaintiff is pro se, the Court will read his Complaint liberally. McGowan alleges that his employment with HMFA was "illegally terminated" by DCA commissioner Susan Bass-Levin in May of 2002. Compl. ¶ 11. He further alleges that, due to racial, political, and age-based discrimination, his subsequent attempts to gain new employment at DCA and to regain employment at HMFA were unsuccessful, despite outstanding qualifications. Compl. ¶ 27.

Specifically, McGowan alleges that Bass-Levin ordered the termination of his employment at HMFA in May of 2002, despite "stellar annual reviews" and significant achievements at his position. Compl. ¶ 11. He claims that Bass-Levin terminated numerous HMFA employees in order to make room for individuals with influential connections in the New Jersey Democratic Party, and that McGowan in particular was terminated due to the fact that he is a registered Republican. Compl. ¶¶ 11-12, 27. McGowan appears to use these facts as background evidence to support his claims of discrimination, which relate exclusively to Defendants' conduct during the hiring process when he applied for employment at DCA and re-

2

applied for employment at HMFA. None of McGowan's claims are based on his 2002 termination from HMFA.[3]  McGowan alleges that in 2006 he applied to the New Jersey Department of Personnel for a position at DCA. Compl. ¶ 16. He took a competitive qualification exam and received a Notification of Certification that he had finished with the highest score on the exam among all candidates statewide, earning him the number one ranking for consideration for DCA job openings. Compl. ¶ 16. The DCA interviewed McGowan on July 12, 2006, and although he was told that a second interview with the Division Director would be scheduled, he was informed on September 13, 2006, that another candidate had been selected for the position. Compl. ¶¶ 19-21.

McGowan later learned that the DCA positions for which he had interviewed had been filled by three younger, less qualified minorities. Compl. ¶¶ 21-22. McGowan asserts that these individuals were less qualified because they scored lower than McGowan on the competitive placement exam. Compl. ¶ 10. McGowan further asserts that these individuals were hired on September 11, 2006, September 18, 2006, and February 2007. Compl. ¶¶ 21-22. The reason that DCA failed to hire him, according to McGowan, is at least partially due to the influence of Bass-Levin who "black-balled" him for politically discriminatory reasons. Compl. ¶¶ 26, 38-42. McGowan also alleges that HMFA failed to even acknowledge his application for re-employment, initiated after his termination, because Bass-Levin had instructed HMFA personnel not to consider him. Compl. ¶¶ 52-62.

---

[3] McGowan alleges that six employees that were terminated by HMFA filed an employment discrimination lawsuit against DCA, the State of New Jersey, and Bass-Levin, and that he did not join that suit. Compl. ¶ 14. To the extent that his claim is based on his termination from HMFA, it is time barred.  Certainly, McGowan may not invoke the discovery rule because he clearly knew the existence of his claims at that time and that a similar lawsuit had been filed by other terminated employees.

McGowan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against DCA in July of 2007, alleging discrimination in its hiring practices (Compl. ¶¶ 63-74; State Defendants Ex. B), and the EEOC returned a dismissal of the charge and a right-to-sue letter to McGowan on March 3, 2008 (State Defendants Ex. C).

McGowan initiated this action in the Superior Court of New Jersey, Law Division, Mercer County on September 17, 2008. The case was then removed to this Court. Now, Defendants move to dismiss McGowan's Complaint in its entirety. McGowan has not filed opposition to these Motions.

## II. DISCUSSION

### A. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required

element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at at 545).

When a party fails to oppose a motion to dismiss for failure to state a claim, a court is still obligated to address the motion on its merits; thus, this Court must determine whether Plaintiff's' claims fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). West v. American Honda Motor Co., No. 08-0700, 2008 WL 4104683, at *2 (D.N.J. Aug. 28, 2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

The Court is obligated to construe Plaintiff's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2004) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."). However, pro se parties must still comply with the pleading standards as set forth in Federal Rule of Civil Procedure 8(a)(2), which requires the allegations in a complaint to set out a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Notwithstanding this generous standard, a pro se party cannot rely on bald assertions or legal conclusions to survive a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In applying 8(a), the Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and ... must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J.1998) (citing Nami and Holder ).

**B. Plaintiff's Claims**

### 1. Count One: Violation of the Civil Rights Act of 1991.

McGowan alleges that DCA hiring practices discriminated against him in violation of the Civil Rights Act of 1991, Pub. L. 102-166. Compl. ¶¶ 28-37. The Act, however, provides no private right of action, as it merely amended previously existing statutes, including Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

Indeed, the Act's stated purposes include, among others, an intention "to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of 1964." Pub. L. 102-166. Defendants argue, and this Court agrees, that this statute merely amends certain terms of previously existing statutes; it did not create a separate statute under which relief can be sought. Accordingly, McGowan's claims under the Civil Rights Act of 1991 are dismissed. McGowan's proper remedy lies within 42 U.S.C. § 1983. However, he did not plead such and the Court will not rewrite his claim for him, particularly where he has failed to oppose Defendants' Motions.

### 2. Count Two: Breach of the Implied Covenant of Good Faith and Fair Dealing

McGowan alleges that his application for employment failed, at least in part, because he was "black-balled" by Bass-Levin, subjected to unfair hiring practices, and passed-over in favor of younger, less qualified minority applicants. Compl. ¶¶ 38-42. These hiring practices, he alleges, represent a breach of the implied covenant of good faith and fair dealing. Id.

The Court agrees with Defendants that this claim must be dismissed, as Plaintiff alleges

only that defendants failed to hire him. "The doctrine of good faith and fair dealing cannot... create rights or obligations in the absence of a valid contract." Pepe v. Rival Co., 85 F. Supp.2d 349, 390 (D.N.J. 1999), aff'd without opinion, F.3d 1078 (3d. Cir. 2001) (citations omitted). McGowan has failed to allege that a valid contract existed between himself and any of the Defendants; his claim, therefore, is dismissed.

### 3. Count Three: Violation of Title VII

McGowan alleges that Defendants failed to hire him based on his race and age by "target[ing] the hiring" of three younger, less qualified minorities over him, despite outstanding qualifications, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Compl. ¶¶ 43-51.

Defendants move to dismiss this claim on the grounds that McGowan has failed to comply with certain procedural requirements of Title VII. A plaintiff filing a discrimination suit pursuant to Title VII is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)-(1). See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-11 (2002) ("An individual [filing suit under Title VII] must file a charge [with the EEOC] within the statutory time period and serve notice upon the person against whom the charge is made." (emphasis added)). Where the EEOC has decided to dismiss a plaintiff's charge of discrimination, it will issue to the plaintiff a right-to-sue letter, the receipt of which gives the plaintiff 90 days to file suit against the party named in his charge of discrimination. 42 U.S.C. 2000e-5(f)-(1). Title VII's requirement that a suit be filed within 90 days of receipt of the EEOC's right to sue letter acts as a statute of limitations on such claims, Montecalvo v. Trump's Taj Mahal Casino, No. 97-3876, 1997 WL 786985 at *1 (E.D.Pa. Nov. 26, 1997) (citing Mosel v. Hills Department Stores, 789 F.2d 251, 253 (3d Cir. 1986)), and the

failure to timely comply with this requirement is cause for dismissal. Phillippeaux v. County of Nassau, 921 F.Supp. 1000, 1006 (E.D.N.Y. 1996). See e.g., Mosel, supra, 789 F.2d at 253 (holding Title VII plaintiff's complaint untimely because it was filed 91 days after receipt of EEOC right-to-sue letter).

Though McGowan filed a charge of discrimination with the EEOC against DCA, he failed to file suit within 90 days of receipt of the right-to-sue letter. McGowan's EEOC right-to-sue letter was issued on March 3, 2008. Nowhere does McGowan allege when he received the letter. Nevertheless, Fed. R. Civ. P. 6(e) presumes that he received it three days after it was issued. See Baldwin County Welcome Center v. Brown, 466 US 147, 148 n.1 (1984) (per curiam) (applying Rule 6(e) presumption to receipt of an EEOC right-to-sue letter). His 90 days, therefore, began on March 6, 2008, and ran on June 4, 2008. McGowan, however, did not file his Complaint until September 17, 2008, thus his claim under Title VII is time barred.

With respect to McGowan's Title VII claim against HMFA, he has not alleged that he filed the required charge of discrimination with the EEOC. Failure to comply with the statutory requirements of Title VII preclude McGowan from bringing his Title VII claim against HMFA. Therefore, it is dismissed.

### 4. Count Five: Violation of NJLAD

McGowan alleges violations of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq., through claims of discrimination and hostile work environment alleged in connection with Defendants' failure to hire him as an employee. Compl. ¶¶ 52-62. Specifically, he alleges that DCA's failure to hire him and HMFA's failure to re-hire him represented "an intentional, pervasive, and continuing pattern of employment discrimination." Compl. ¶ 53.

As a preliminary matter, it is important to note that all of McGowan's claims relate

exclusively to Defendants' conduct occurring after his termination from HMFA. His claims against DCA and HMFA all arise from alleged discrimination in their failure to hire and re-hire him, respectively.

McGowan's hostile work environment claims are dismissed as he has failed to allege that he was employed by DCA or HMFA at the relevant times. In order to establish a cause of action for hostile work environment under NJLAD, a plaintiff must show that the defendant subjected him to conduct so severe or pervasive that a reasonable person would believe that the conditions of employment have become hostile or abusive. Shepard v. Hunterdon Developmental Ctr., 174 N.J. 1, 24 (2002) (emphasis added). In other words, McGowan would have to be employed in order to assert claims of hostile work environment. As he did not allege that he was employed by any of the Defendants during the alleged unlawful conduct, these claims are dismissed.

Alternatively, McGowan alleges discrimination, in violation of NJLAD, based on Defendants' failure to hire him. To the extent that McGowan's discrimination claims relate to acts occurring prior to September 17, 2006, they are barred by the statute of limitations under NJLAD. A two-year statute of limitations period applies to each of McGowan's failure to hire claims because they are based on discrete events. See Montells v. Haynes, 133 N.J. 282, 292 (1993). In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court stated that a refusal to hire, as is alleged here, is a discrete act. As such, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Id. at 114. Moreover, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113.

Here, McGowan asserts that DCA discriminated against him by hiring less qualified,

9

younger minorities. He asserts specifically that these individuals were hired on September 11, 2006, September 18, 2006, and February 2007. Compl. ¶¶ 10, 21-22. Because he filed his Complaint on September 17, 2008, McGowan's claim relating to the September 11, 2006 hire is dismissed as time barred. This Court finds, however, that McGowan's discrimination claims based on DCA's hirings of September 18, 2006 and February 2007 must survive State Defendant's Motion to Dismiss, as they fall within the relevant limitations period. State Defendants do not specifically address these claims in their Motion, but rather, they summarily assert that all of McGowan's NJLAD discrimination claims are time barred. This Court finds, however, that McGowan has pled sufficient facts for these claims to survive the Motion. An employment discrimination plaintiff need not plead a prima facie case of discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 515 (2002). Indeed, the Third Circuit has held that an employment discrimination plaintiff need only plead facts sufficient to satisfy the notice pleading standard of Fed. R. Civ. P. 8(a). Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006). Although the Supreme Court's holding in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) heightened the pleading standard under Rule 8(a), the Court specifically reaffirmed the holding in Swierkiewicz that a plaintiff in an employment discrimination case need not plead a prima facie case. Twombly, 550 U.S. at 569-70; see Bell v. KA Indus. Services, LLC, 567 F. Supp.2d 701, 706-7 (D.N.J. 2008). Therefore, "the elements of the prima facie claim do not have to be proven, but merely must be plausible." Bell, 567 F. Supp.2d at 706-7 (citing Twombly, 550 U.S. at 569-70). Here, McGowan alleges that DCA hiring practices subjected him to racial and age-based discrimination due to the fact that DCA failed to hire him and instead hired younger minorities who received lower scores on the competitive placement exam. Compl. ¶ 10. He further alleges that the State and its agencies, including DCA, specifically targeted the hiring of

minorities and that these practices have a disparate impact on caucasians. Compl. ¶¶ 49-51. Whether McGowan may be able to establish a prima facie case of employment discrimination is not at issue, since this is a 12(b)(6) motion, and the Court finds that the facts alleged by McGowan make a plausible claim of employment discrimination. As such, Defendants' motion in this regard is denied.

As they relate to HMFA, McGowan's claims of discrimination allege only that he applied for several positions at HMFA for which he was well qualified, but never got the job because Bass-Levin had made sure he would not be considered. Compl. ¶ 60. He makes no allegation that age or race had any bearing on the employment decisions at HMFA. He, instead, relies on statistics to show a disparate impact on caucasians in New Jersey State employment (Compl. ¶ 61), but fails to allege that any minorities or younger persons were hired over him or indeed that race or age had any bearing on the hiring practice. In fact, he specifically alleges that HMFA had no contact with him during the hiring process and that it failed to acknowledge his application. Compl. ¶ 60. While the Court recognizes that McGowan need not establish a prima facie case in his pleadings, Bell, 567 F. Supp.2d at 706-7, he must still plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a). Id.  McGowan has not pled any facts sufficient to raise his claims above a speculative level in this respect.  Moreover, McGowan's claim as it relates to HMFA is based on the proposition that Bass-Levin adversely influenced the hiring process. His allegations, however, only support the inference that Bass-Levin discriminated against him based on political views and there is no indication of racial or age-based discrimination. "[T]he NJLAD prohibits employers from discriminating in employment on numerous bases, but these do not include political affiliation." Siss v. County of Passaic, 75 F. Supp.2d 325 (D.N.J. 1999). Thus, McGowan's NJLAD claim of discrimination by HMFA is dismissed.

### 5. Counts Six and Seven: Tort Claims

McGowan alleges that Defendants intentionally inflicted upon him "a pervasive and routine discrimination in its hiring practices," thus subjecting him to intentional infliction of emotional distress. Compl. ¶¶ 63-65. He claims, further, that Defendants' subjected him to tortious interference with economic advantage through their hiring practices which allegedly discriminated against him based on his political affiliation, race, and age. Compl. ¶¶ 66-74.

Defendants move to dismiss these two tort claims for McGowan's failure to comply with the notice provisions of the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1, et seq. The NJTCA provides the following with regard to notice of claims:

> A claim relating to a cause of action for ... injury or damage to person or to property shall be presented as provided in this chapter not later than the accrual of the cause of action ... The claimant shall be forever barred from recovering against a public entity or public employee if: (a) He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9

N.J. Stat. Ann. § 59:8-8 (emphasis added).

By its terms, the NJTCA requires that a notice of a claim be presented no later than 90 days after the accrual of the cause of action. "Accrual" of a claim occurs when, among other things, the tort is committed. N.J. Stat. Ann. § 59:8-1. Moreover, claims for intentional infliction of emotional distress and tortious interference with economic advantage are torts subject to the NJTCA. See Velez v. City of Jersey City, 180 N.J. 284, 286, 294-95 (2004) (holding that the notice requirements of the of the NJTCA apply to common law intentional tort actions). Further, it is proper to dismiss a tort claim where plaintiff has failed to fulfill the notice requirements of the NJTCA. Wilson v. NJ State Police, No. 04-1523, 2006 WL 2358349 (D.N.J. Aug. 15, 2006).

Here, McGowan has not pled that he filed the required NJTCA notice within 90 days of

the accrual of his cause of action. As such, McGowan's tort claims, Counts Six and Seven, are dismissed.

### 6. Counts Eight and Nine: Constitutional Claims

In Counts Eight and Nine of his Complaint, McGowan alleges that Defendants have violated his First and Fifth Amendment rights, respectively. Compl. ¶¶ 75-83. A claim that a party's Constitutional rights have been violated, however, must be pled under the statutory mechanism for such claims, 42 U.S.C. § 1983. See American General Life and Accident Ins. Co. v. Ward, 509 F. Supp.2d 1324, 1334-35 (N.D. Ga. 2007) ("Where federal statutes provide a remedy to redress alleged constitutional violations, there can be no independent implied cause of action under the Constitution." (internal citations omitted)).

McGowan has not pled his First Amendment claim under section 1983 and instead has pled violations of his constitutional rights directly under the Constitution. He has, therefore, failed to properly plead that claims and accordingly, it is dismissed without prejudice. Again, while the Court is aware of McGowan's pro se status, the Court will not discern a section 1983 claim for him because it appears that he has abandoned his claims by failing to oppose Defendants' Motions.

Furthermore, McGowan cannot bring a Fifth Amendment claim against Defendants because Defendants are State entities. The Fifth Amendment applies only to the Federal Government, Barron v. City of Baltimore, 32 U.S. 243 (1833), and as such, McGowan's Fifth Amendment claim is dismissed.

### 7. Count Ten: Violation of the ADEA

McGowan alleges that Defendants, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., have wrongfully discriminated against him

13

in their hiring practices due to the fact that he was over fifty years of age. Compl. ¶¶ 84-88.

Defendants move to dismiss McGowan's ADEA claim on the same grounds as his Title VII claim. Similar to a Title VII discrimination claim, an aggrieved party under the ADEA is required to file a charge of discrimination with the EEOC prior to instituting a civil action against an employer. 29 U.S.C. § 626(d). Specifically, the statute states that "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Id. McGowan has not alleged that he filed a charge of discrimination against the HMFA and therefore, his ADEA claim against HMFA is dismissed.

McGowan's ADEA claim against DCA is time barred and as such, it is also dismissed. Like a Title VII claim, an aggrieved party has 90 days to file suit from the date of his receipt of the EEOC's right-to-sue letter. 29 U.S.C. § 621-624. Though he filed the requisite charge of discrimination against DCA, EEOC mailed McGowan a right -to-sue letter on March 3, 2008 and his 90 day filing period therefore expired on June 4, 2008. McGowan untimely filed his Complaint on September 17, 2008, more than three months after the limitations period had run. As such, this claim is also dismissed.

### 8. Count Eleven: Violation of the WIA and the Age Act

Lastly, McGowan alleges violations of the Workforce Investment Act of 1998, 29 U.S.C. § 2801, et seq., and the Age Act of 1975, 42 U.S.C. § 6101, et seq. because Defendants allegedly discriminated against him through their hiring practices while they received federal funding. Compl. ¶¶ 89-93.

Defendants move to dismiss McGowan's WIA claim on the grounds that the WIA provides no private remedy. Indeed, the purpose of the WIA:

> is to provide workforce investment systems, that increase the employment, retention, and earnings of participants, and increase occupational skill attainment by participants, and, as a result, improve the quality of the workforce, reduce welfare dependency, and enhance the productivity and competitiveness of the Nation.

29 U.S.C. § 2811.

In order to achieve its goals, the WIA prohibits discrimination and the denial of employment on the basis of race, color, religion, sex, national origin, age, disability, or political affiliation or belief. 29 U.S.C. § 2938(a)(2). The provisions of the WIA provide for action to be taken by the Secretary of Labor when he/she finds that a State or recipient of funds has failed to comply with the discrimination provisions of section 2938(a)(2). Borrero-Rodriguez v. Montalvo-Vasquez, 275 F. Supp.2d 127, 130 (D.P.R. 2003). Moreover, the WIA provides that the Secretary of Labor may refer the matter to the Attorney General, and the Attorney General may bring a civil action in any appropriate district court of the United States. Id. (citing 29 U.S.C. § 2938(c)).

In Borrerro-Rodriguez, the court found that "neither the statute nor its regulations contain any private remedy through which the aggrieved persons can seek redress." More specifically, the court found that

> [a]lthough the regulations promulgated by the Secretary to implement the nondiscriminatory provisions of the WIA do establish administrative mechanisms meant to ensure compliance by the recipient, if compliance is not achieved because of the recipient's refusal, the only enforcement procedures are termination, denial or withholding of funds to the recipient or a possible referral of the matter to the Attorney General with a recommendation. These are the sole enforcement procedures. The statute does not give the alleged victim the right to sue.

Id. at 132. Therefore, because the WIA does not provide McGowan the right to sue, his claim under the WIA is dismissed.

15

Finally, Defendants move to dismiss McGowan's claim under the Age Act. The Age Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Nowhere does the Age Act provide that its prohibitions on discrimination shall apply to employment discrimination. In fact, the Age Act specifically states the contrary:

> Nothing in this chapter shall be construed to authorize action under this chapter by any Federal department or agency with respect to any employment practice of any employer, employment agency, or labor organization, or with respect to any labor-management joint apprenticeship training program.

42 U.S.C. § 6103(c)(1). As employment discrimination is precisely the basis for McGowan's claim under the Age Act, his claim is dismissed.

### C.   Supplemental Jurisdiction

Title 28 of the United States Code, Section 1367(c) states in relevant part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. §1367(c). Moreover, absent some compelling circumstances, it is generally proper for the district court to decline to exercise supplemental jurisdiction. See Shaffer v. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984)(holding that "pendant jurisdiction [over state law claims] should be declined where the federal claims are no longer viable, absent 'absent circumstances'" (citation omitted)); see also Hedge v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (recognized that if the district court has dismissed all claims over which it has original jurisdiction, the court must decline to decide pendent state claims unless

16

"considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so").

Courts in this circuit have consistently declined to exercise supplemental jurisdiction over state claims when all federal claims have been decided.  See Hedge, 204 F.3d at 122-23 (upholding district court's refusal to exercise supplemental jurisdiction over state law assault and battery claims after dismissing plaintiff's § 1983 claims); V-Tech Serv., Inc. v. Street, 215 Fed. Appx. 93, 96 (3d Cir. 2007) (refusal to exercise supplemental jurisdiction over fraud, promissory estoppel, breach of contract, and unjust enrichment claims after dismissal of RICO claims); Wall v. Dauphin County, 167 Fed. Appx. 309, 313 (3d Cir. 2006) (dismissal of state claims for lack of jurisdiction after dismissal of plaintiff's § 1983 and § 1985 claims); Mosca v. Cole, 384 F.Supp.2d 757, 770 (D.N.J. 2005) (remanding remaining state LAD and other claims back to state court after plaintiff's § 1981, § 1985 and other federal claims were dismissed by the district court).

In this case, the only remaining claim is McGowan's NJLAD claim against the State Defendants arising out of two separate hiring decisions.  In that regard, the Court declines to excercise supplemental jurisdiction.  Thus, this claim is remanded to New Jersey Superior Court, Law Division, Mercer County.

**III. Conclusion**

  For the reasons stated herein, all of McGowan's claims against the HMFA are dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and his claims against the State Defendants are dismissed with the exception of those claims under NJLAD not barred by the statute of limitations, as set forth herein.


DATED: June 16, 2009                 /s/ Freda L. Wolfson
                                The Honorable Freda L. Wolfson, U.S.D.J.